UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America<br><br>v.<br><br>Joseph Sanders,<br>      *Defendant.* | **Protective Order**<br><br>22 Cr. 697 (KPF)<br><br>**MEMO ENDORSED** |

  Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendant having requested discovery under Fed. R. Crim. P. 16, the Court hereby finds and orders as follows:

  1. **Disclosure Material.** The Government will make disclosure to the defendant of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "Disclosure Material." The Disclosure Material may include material that (1) affects the privacy and confidentiality of individuals and entities; and (2) is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

  2. **Sensitive Disclosure Material.** Certain of the Disclosure Material, referred to herein as "Sensitive Disclosure Material," may involve the Government's ongoing investigation of uncharged individuals or contains information that identifies, or could lead to the identification of, witnesses. Materials to be produced by the Government and which contain Sensitive Disclosure Material may be designated as "Sensitive Disclosure Material" by the Government and conspicuously marked as such, either by marking the materials themselves; the file names of the

materials; or the folders containing the materials, with the words "Sensitive Disclosure Material." The Government's designation of material as Sensitive Disclosure Material will be controlling absent contrary order of the Court.

3. **Facilitation of Discovery.** The entry of a protective order in this case will permit the Government to produce expeditiously the Sensitive Disclosure Material without further litigation or the need for redaction. It will also afford the defense prompt access to those materials, in unredacted form, which will facilitate the preparation of the defense.

4. **Good Cause.** There is good cause for entry of the protective order set forth herein.

**Accordingly it is hereby Ordered:**

5. Disclosure Material shall not be disclosed by the defendant or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any Disclosure Material or Sensitive Disclosure Material on any Internet site or network site[1] to which persons other than the parties hereto have access, and shall not provide any Disclosure Material to the media or any third party except as set forth below.

6. Disclosure Material that is not Sensitive Disclosure Material may be disclosed by counsel to: (a) the defendant for purposes of defending this action, (b) personnel for whose conduct

---

[1] This does not prohibit counsel for any defendant from using secure private web services, such as "Drop Box," to store Disclosure Material or Sensitive Disclosure Material provided that the only people with access to such services are those authorized herein to receive Disclosure Material or Sensitive Disclosure Material, or to transfer such material to such authorized recipients.

counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action; or (c) prospective witnesses for purposes of defending this action.

7. Sensitive Disclosure Material may be disclosed by counsel to the defendant and to personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action; however, Sensitive Disclosure Material shall be kept in the sole possession of counsel or personnel for whose conduct counsel is responsible; shall not be reviewed or maintained by the defendant outside the presence of counsel or personnel for whose conduct counsel is responsible; and shall not be copied or otherwise recorded by the defendant. Nothing in this paragraph shall otherwise prevent the defendant from taking notes based on discussions with counsel.

8. The Government may authorize, in writing, disclosure of Disclosure Material and Sensitive Disclosure Material beyond that otherwise permitted by this Order without further Order of this Court. In the event of any dispute as to the Government's designation of particular Disclosure Material as Sensitive Disclosure Material, the parties shall meet and confer regarding such dispute, without prejudice to a subsequent application by defense counsel seeking de-designation of such material by the Court.

9. This Order does not prevent the disclosure of any Disclosure Material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. However, Sensitive Disclosure Material pertinent to any motion before the Court should initially be filed under seal, absent consent of the Government or Order of the Court. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

**Return or Destruction of Material**

10. Except for Disclosure Material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all Disclosure Material, including the seized ESI Disclosure Material, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case; or within 30 days of the conclusion of any habeas proceedings, whichever date is later.  This provision does not apply to any Disclosure Material or ESI that belongs to the defendant.  Notwithstanding the foregoing, the defense shall not be required to return, destroy, or delete any disclosure material to the extent such return, destruction, or deletion would conflict with any applicable professional or ethical obligation or responsibility of the defense.  Defense counsel will make reasonable efforts to ensure the defendant's compliance with the provisions of this paragraph.

11. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed Disclosure Material or the Government's ESI production.  All such persons shall be subject to the terms of this Order.  Defense counsel shall maintain a record of what information has been disclosed to which such persons.

**Retention of Jurisdiction**

12. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

by: _____          Date: January 18, 2023
Adam Sowlati
Assistant United States Attorney


_____                Date: January 18, 2023
Kristoff Williams, Esq.
Counsel for Joseph Sanders


SO ORDERED:
Dated: New York, New York
       January 18, 2023

_____
THE HONORABLE KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE

5